In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
NO. 09-13-00527-CR

**JACKE RAHMAD EAGLIN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Cause No. 12-15270**

**MEMORANDUM OPINION**

Jacke Rahmad Eaglin appeals from the trial court's decision to revoke its order placing Eaglin on community supervision. In three issues, Eaglin contends that the evidence introduced during the revocation hearing is legally insufficient to support the trial court's decision to revoke its community-supervision order, that the sentence the trial court assessed is constitutionally disproportionate and unreasonable, and that the trial court erred by failing to consider several factors it

1

should have considered in determining his sentence. We affirm the trial court's judgment.

Background

In carrying out a plea bargain agreement, Eaglin pled guilty to the lesser included offense of using a motor vehicle without having the authority to do so, a state jail felony. *See* Tex. Penal Code Ann. § 31.07 (West 2011). Under the terms of Eaglin's plea bargain agreement, the trial court deferred its decision to adjudicate Eaglin's guilt and placed him on community supervision for five years. The trial court also fined Eaglin seven hundred and fifty dollars.

Approximately six months later, the State filed a motion asking that the trial court revoke its community supervision order and find Eaglin guilty of using a motor vehicle without having been authorized to do so. During the revocation hearing, Eaglin pled "not true" to the State's allegations that he had violated the community-supervision order by committing any one of the three crimes the State's motion alleged he had committed after being placed on community supervision.

After hearing evidence, the trial court found that Eaglin violated the terms of the trial court's deferred adjudication order and found Eaglin guilty of using a motor vehicle without having the authority to do so. At the conclusion of the

2

hearing, the trial court pronounced Eaglin's sentence of two years, to be served in a state jail. Eaglin lodged no objections to his sentence at the hearing, nor did he file a motion for new trial complaining about the length of his sentence.

Analysis

In issues one and two, Eaglin argues that his sentence is constitutionally disproportionate and unreasonable under the Eighth Amendment to the United States Constitution and article I, section 13 of the Texas Constitution. *See* U.S. CONST. amend. VIII; Tex. Const. art. I, § 13. To preserve a complaint that a sentence is disproportionate for the crime or circumstances particular to the defendant's case, the defendant must make a timely, specific objection in the trial court asserting such a claim, or he must raise the issue in a motion for new trial. *See* Tex. R. App. P. 33.1(a); *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (holding that defendant waived any claim that article I, section 13 of the Texas Constitution was violated because the defendant failed to raise his objection in the trial court); *Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd) (holding that the defendant failed to preserve his argument that his sentence was disproportionate by failing to raise an objection asserting that claim in the trial court).

The record reflects that when the trial court pronounced Eaglin's sentence, Eaglin did not object that he had been given a disproportionate sentence in violation of the United States Constitution or the Texas Constitution. We conclude that Eaglin failed to preserve his claim about receiving a disproportionate sentence for our review. *See* Tex. R. App. P. 33.1(a).

However, even had Eaglin preserved his complaint that his sentence is disproportionate and unreasonable, his argument that his sentence is excessive is without merit. Eaglin's sentence of two years is within the statutory range authorized for the crime of using a motor vehicle without authority. *See* Tex. Penal Code Ann. § 12.35(a) (West Supp. 2014) (providing that a state jail felony shall be punished by confinement in a state jail for any term of not more than two years or less than 180 days), § 31.07(b) (providing that the offense of using a motor vehicle without authority is a state jail felony). When the defendant is sentenced to a punishment within the range available for the crime for which the defendant is convicted, a court will generally not disturb the trial court's sentence by declaring the sentence to be excessive. *See Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). Nor is a sentence that is within the range authorized for the offense generally considered to be constitutionally cruel or unusual. *See*

4

*State*, 949 S.W.2d 769, 772 (Tex. App.—Dallas 1997, pet. ref'd); *see also Jackson v. State*, 989 S.W.2d 842, 846 (Tex. App.—Texarkana 1999, no pet.).

While Eaglin argues the trial court failed to consider factors mitigating against his being given the maximum term for the crime that he committed, the record does not show that the trial court refused to consider the mitigating factors outlined in article 37.07 of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. Ann. art. 37.07, § 3 (West Supp. 2014).[1] Eaglin failed to introduce evidence at the hearing reflecting that lesser sentences are imposed by trial courts for similar offenses on criminals who have committed similar crimes in Texas or in other jurisdictions, so we are unable to compare the sentence Eaglin received with any other cases to evaluate the arguments he makes in his appeal.[2] *See Jackson*, 989 S.W.2d at 846.

We hold that Eaglin failed to preserve the complaints that he makes about his sentence for our review on appeal. Issues one and two are overruled.

---

[1]We cite to the current version of the statute because the subsequent amendment does not affect the outcome of this appeal.

[2]Eaglin suggests that if more information is needed, this Court should abate the appeal for a hearing to allow him to gather information regarding sentences imposed for similar offenses. Eaglin cites no authority to support his request that we should allow him additional hearings for this purpose, and we decline his request to remand the case for further proceedings. *See* Tex. R. App. P. 38.1(i).

In issue three, Eaglin argues the evidence is legally insufficient to support the trial court's order, which revoked an earlier order placing Eaglin on community supervision. We review a trial court's order revoking a community-supervision order for abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). The State's burden of proof in a revocation proceeding is by a preponderance of the evidence. *Cobb v. State*, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993) (citing *Cardona v. State*, 665 S.W.2d 492, 493-94 (Tex. Crim. App. 1984)). The State satisfies its burden when the greater weight of credible evidence before the trial court creates a reasonable belief demonstrating it is more probable than not that the defendant violated a condition of the trial court's community-supervision order. *Rickels*, 202 S.W.3d at 763-64; *Joseph v. State*, 3 S.W.3d 627, 640 (Tex. App.—Houston [14th Dist.] 1999, no pet.). In a revocation proceeding, the trial judge is the sole trier of facts, and in that role, it assesses the credibility of witnesses and the weight of the testimony. *Mattias v. State*, 731 S.W.2d 936, 940 (Tex. Crim. App. 1987).

The State's motion asked the trial court to revoke the community-supervision order on several grounds, including that Eaglin had violated the trial court's order by committing other offenses; aggravated assault on a public servant, evading arrest or detention, and resisting arrest, search, or transportation. Eaglin

pled "not true" to the State's allegations that he had committed the additional offenses. During Eaglin's revocation hearing, Officer Brian Barbour testified that he responded to a disturbance call in October 2013, which arose from an alleged assault at a convenience store. Upon arriving at the convenience store, Officer Barbour was advised by people in the store that Eaglin was the person who had caused the disturbance. According to Officer Barbour, Eaglin came after him and they scuffled. In an effort to detain Eaglin, Officer Barbour used his taser five to six times, but Eaglin would not stay on the ground. During the scuffle, Eaglin grabbed Officer Barbour's groin and bit him twice, injuries that Officer Barbour described as painful. With assistance, Officer Barbour eventually handcuffed and detained Eaglin.

Eaglin also testified during his revocation hearing. Eaglin admitted that he had scuffled with someone at the convenience store, but stated that he did not know the person in the scuffle was an officer. According to Eaglin, another customer in the store sprayed him with mace before Officer Barbour arrived. Eaglin claimed that he believed that the customer was still attacking him when Officer Barbour got involved.

The trial court found that Eaglin had violated the trial court's community supervision order by committing an aggravated assault on a public servant and by

7

resisting arrest, search, or transportation. Having reviewed the record, we conclude that it contains sufficient evidence to support the trial court's findings and conclusion that Eaglin had violated the community-supervision order by committing additional offenses. *See Rickels*, 202 S.W.3d at 764; *Cardona*, 665 S.W.2d at 493. We overrule issue three.

Having overruled all of Eaglin's issues, we affirm the trial court's judgment.

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on September 19, 2014
Opinion Delivered December 10, 2014
Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.